IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE R. PALOMAR II,

       Plaintiff,                     No. CIV S-10-3477 JAM CKD P

    vs.

BRADLEY D. HARTUNG, et al.,

       Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect an initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, plaintiff has submitted a roughly 100-page complaint and several hundred pages of attachments. He names three defendants: Bradley D. Hartung, a psychologist whose November 2007 psychological evaluation of plaintiff was cited in a subsequent hearing on plaintiff's parole eligibility; the California Board of Parole Hearings; and CDCR. Much of the complaint consists of plaintiff describing his numerous parole suitability hearings held in 1990, 1992, 1994, 1996, 2001, 2004, 2007, and 2008. He alleges that the Board conducted these hearings in a manner unfair to plaintiff and wrongfully determined that plaintiff was unsuitable for parole. Along with damages and other relief, he seeks a new parole hearing.

Plaintiff also alleges that defendant Hartung wrote a false and misleading report about plaintiff's psychological condition and the level of risk he would pose to society if released on parole. His requested relief includes an order compelling defendants to conduct a new psychological evaluation of plaintiff. He also asks that defendant Hartung be investigated for medical malpractice and have his medical license revoked.

Plaintiff further claims that CDCR employees retaliated against him for filing administrative appeals. He alleges that numerous "falsified" disciplinary charges brought against him were retaliatory in nature. His requested relief includes a court order "expunging" all false psychological and disciplinary reports from his Central File. For the reasons discussed below, plaintiff's complaint will be dismissed with leave to amend.

I. Defendant CDCR

Plaintiff's claims against CDCR are barred by the doctrine of sovereign immunity. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against CDCR are frivolous and must be dismissed.

Should plaintiff file an amended complaint alleging that individual employees of CDCR retaliated against him for protected activities, plaintiff is advised that Fed. R. Civ. P. 8 requires a "short and plain" statement of the claim. Here, plaintiff has submitted a complaint "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail[s] to perform the essential functions of a complaint." McHenry, 84 F.3d at 1179-80. Accordingly, the court will limit any amended complaint to 20 pages.

II. Defendant Parole Board

Plaintiff's claims against the California Board of Parole Hearings are also barred. In the first place, the Eleventh Amendment would bar plaintiff's claim for injunctive relief against the Board. See Pennhurst, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections).

Second, under Swarthout v. Cooke, ––– U.S. –––, 131 S.Ct. 859, 861-62 (2011) (per curiam), the only federal due process to which plaintiff is entitled in connection with a parole decision by the Board of Parole Hearings is the minimal procedural due process protections set forth in Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 16 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial). If plaintiff wishes to challenge the Board's denial of parole by arguing that the basic requirements of due process under Swarthout were not met, the proper vehicle for such a challenge is a petition for writ of habeas corpus.[1] Such actions have different procedural and exhaustion requirements, and are governed by a different body of substantive law, than actions brought pursuant to 42 U.S.C. § 1983. As the United States Supreme Court has stated:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. . . . Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted. 28 U.S.C. § 2254(b)(1)(A). [Citation.] Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a).

Muhammad v. Close, 540 U.S.749, 750-751 (2004) (per curiam). Accordingly, plaintiff's claims against the Board will be dismissed.

\\\\\

\\\\\

---

[1] However, petitioner may not proceed in a single federal habeas petition to challenge two or more parole denials. Each challenged denial must be the subject of a separate petition for habeas corpus. See Fed. Rules Governing Section 2254 Cases, Rule 2(e); see also, Magwood v. Patterson, 130 S. Ct. 2788, 2798 (2010); Mansanares v. Arpaio, 2009 WL 1456858 *1 n. 1 (D. Ariz. May 21, 2009).

5

III.  Defendant Hartung

Plaintiff's claims against this defendant must also be dismissed.  The law is well established in this Circuit that parole board officials are entitled to absolute, quasi-judicial immunity from damages liability in suits by prisoners for actions taken when processing parole applications.  See Sellars v. Procunier, 641 F.2d 1295, 1302–03 (9th Cir.); see also, e.g., Brown v. California Dept. of Corrections, 554 F.3d 747, 751 (9th Cir. 2009); Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir. 1991).  Further, the Ninth Circuit has held that a court-appointed psychologist has quasi-judicial immunity from damages liability for acts committed "in the performance of an integral part of the judicial process," such as preparing and submitting medical reports that allegedly contained false statements of fact and omitted material facts.  See Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970) (per curiam).  Since there is no material distinction between a psychologist performing an evaluation of a defendant at the direction of a judge, and a psychologist performing the same function at the direction of a parole board, the court finds that Dr. Hartung also has quasi-judicial immunity from damages liability for the alleged acts giving rise to plaintiff's claims herein.  See Von Staich v. Atwood, 2011 WL 3319998 at *2 (C.D. Cal. Feb. 24, 2011); Reece v. Smith, 2010 WL 5317440 at *2 (E.D. Cal. Dec.20, 2010); Howard v. Rea, 2005 WL 1565002 at *8 (D.Or. June 27, 2005).  As to plaintiff's request that Dr. Hartung be investigated for malpractice and his medical license be revoked, these are not cognizable requests for relief under 42 U.S.C. § 1983.

Accordingly, plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 30 days of service of this order.  In an amended complaint plaintiff should not raise many unrelated claims, but rather focus on a few specific claims and describe the actions of the individual defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file a First Amended Complaint <u>not longer than 20 pages</u> within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

Dated: April 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 - palo3477.B