1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE R. PALOMAR II,

11              Plaintiff,                    No. 2:10-cv-3477 JAM CKD P

12         vs.

13   BRADLEY D. HARTUNG, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16         Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks

17   relief pursuant to 42 U.S.C. § 1983.  On July 2, 2012, plaintiff filed a First Amended Complaint

18   pursuant to the court's order of April 12, 2012.  (Dkt. No. 18 ("FAC").)

19         The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24   U.S.C. § 1915A(b)(1),(2).

25         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6           A complaint must contain more than a "formulaic recitation of the elements of a

7   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

9   contain something more...than...a statement of facts that merely creates a suspicion [of] a legally

10  cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

11  1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient factual matter,

12  accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___

13  U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

14  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

15  the reasonable inference that the defendant is liable for the misconduct alleged." Id.

16          In reviewing a complaint under this standard, the court must accept as true the

17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20          Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.

21  See Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the

22  grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

23  showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only

24  "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever

25  v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action

26  are present, but are scattered throughout the complaint and are not organized into a "short and

2

1   plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  <u>McHenry v.</u>
2   <u>Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996).

3          Plaintiff names nine defendants in the FAC, including Board of Parole Hearings
4   psychologist Bradley D. Hartung.  For the reasons discussed in the court's screening order of
5   April 12, 2012, plaintiff does not state a claim against this defendant.  (Dkt. No. 11 at 6.)

6          Plaintiff also names two Board commissioners:  Lea Ann Chrones and Patrick J.
7   O'Connor.  He seeks injunctive relief in the form of a new parole hearing.  For the reasons
8   discussed in the court's earlier screening order, plaintiff does not state a claim for relief against
9   these defendants.  (<u>Id</u>. at 4-6.)

10         Plaintiff alleges that defendants Ruelas, Kulwicki, Bendetti, Garcia (aka
11  "Unknown C/O"), and McManus deprived him of his First Amendment right of access to the
12  courts.  (FAC at 14-15.)  Inmates have a fundamental constitutional right of access to the courts.
13  <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996); <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009).
14  The right of access to the courts is merely the right to bring to court a grievance the inmate
15  wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights
16  actions.  <u>Lewis</u>, 518 U.S. at 354.  A prisoner alleging a violation of his right of access to the
17  courts must demonstrate that he has suffered "actual injury."  <u>Lewis</u>, 518 U.S. at 349-50. The
18  actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim
19  had been frustrated or was being impeded."  <u>Id</u>. at 353.  As plaintiff has not pled actual injury, he
20  fails to state a claim against any defendant on this basis.

21         Plaintiff also alleges that these five defendants retaliated against him in violation
22  of the First Amendment.  (FAC at 13.)  Within the prison context, a viable claim of First
23  Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some
24  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
25  such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did
26  not reasonably advance a legitimate correctional goal ."  Rhodes v. Robinson, 408 F.3d 559,

567–68 (9th Cir. 2005).  Plaintiff has not pled the elements of a retaliation claim against any defendant as, for one thing, he does not plead that defendants' actions did not reasonably advance legitimate correctional goals.

Plaintiff also names the Director of Corrections as a defendant in this action. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff's allegations against the Director of Corrections fail to state a claim under this standard.

Accordingly, the FAC will be dismissed, and plaintiff will be granted another opportunity to file an amended complaint that states a cognizable claim under section 1983.  In an amended complaint plaintiff should not raise many unrelated claims, but rather focus on a few specific claims and describe the actions of the individual defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

\\\\\

4

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3  complaint be complete in itself without reference to any prior pleading.  This is because, as a

4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8    In accordance with the above, IT IS HEREBY ORDERED that the First Amended

9  Complaint is dismissed for the reasons discussed above, with leave to file a Second Amended

10  Complaint not longer than 20 pages within thirty days from the date of service of this order.

11  Failure to file a Second Amended Complaint will result in a recommendation that the action be

12  dismissed.

13   Dated: September 17, 2012

14                                                                                    _____

15                                                                                    CAROLYN K. DELANEY
                                                                                        UNITED STATES MAGISTRATE JUDGE
16

17

18

19  2
    palo3477.FAC
20

21

22

23

24

25

26

5